This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**IN RE: ESTATE OF GILBERT**

**STEPHEN L. GILBERT,**

Petitioner-Appellee,

v.                                                                           **NO. 34,560**

**ANDREW STANLEY BARA,**

Respondent-Appellant,

and

**ELLEN HEINE,**

Intervenor.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

The Simons Firm, LLP
Faith Leslie Kalman Reyes
Santa Fe, NM

for Appellee

John Ronald Boyd
Santa Fe, NM

for Appellant

Ellen Heine
Wayne, NJ

Pro Se Intervenor

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

{1}    Respondent appeals the district court's decision in this probate case. On December 24, 2015 we issued a notice of proposed disposition proposing to affirm. Petitioner filed a memorandum in support of that proposed disposition, and no memorandum in opposition was filed in this case file. Accordingly, we issued a memorandum opinion affirming on June 27, 2016. We subsequently learned that a memorandum in opposition had been filed in case number 34,568, an appeal arising out of the same district-court case but involving a different appellant. Therefore, we withdraw our opinion of June 27, 2016 and substitute this opinion for it. As discussed below, for the reasons stated in the notice of proposed summary disposition as well as in this opinion, we affirm the district court's judgment.

{2}    We note initially that Intervenor below, who is the appellant in case number 34,568, has filed a motion for reconsideration in this case. She also requests that the two cases be consolidated, and that all of the filings that have occurred in case number

34,568 be allowed to be filed in this case. We deny the motion for rehearing as well as the request for consolidation. Intervenor is not a party to this appeal, and our rules do not allow non-parties to participate in other parties' appeals. Also, there is no basis for consolidating the two appeals. Many of the issues raised by Intervenor in her appeal are different than those raised by Appellant here, although there is some overlap. It is more efficient for the Court to address each appeal separately rather than have to decide different issues raised by multiple parties in a single appeal. We therefore deny Intervenor's request to consolidate this appeal with her appeal.

{3}     Appellant's response to the notice of proposed summary disposition argues only one issue. He maintains that Dr. Cave's expert testimony should have been disallowed, because she is not a medical doctor and had no expertise that would have allowed her to testify that the decedent's brain tumor was a major contributor to his mental incompetence. [MIO unnumbered pp. 2-3] As we pointed out in the notice, however, admission of expert testimony is discretionary with the district court, and any doubt concerning the testimony is resolved in favor of admission rather than exclusion. *See Loper v. JMAR*, 2013-NMCA-098, ¶ 18, 311 P.3d 1184. Even where the expert evidence is questionable, "the remedy is cross-examination, presentation of rebuttal evidence, and argumentation" rather than exclusion of the evidence. *See Lee v. Martinez*, 2004-NMSC-027, ¶ 48, 136 N.M. 166, 96 P.3d 291. As Appellant

acknowledges, there was other evidence of the decedent's incompetence in addition to Dr. Cave's testimony about the brain tumors, and we are confident that the district court, in this bench trial, was able to sift through the expert and non-expert testimony and determine where the truth lay. We therefore affirm the district court's decision despite the deficiencies Appellant claims were present in Dr. Cave's testimony.

**{4}** As noted above, Appellant has not challenged the remainder of the discussion set out in our notice of proposed disposition, and we therefore continue to rely on that discussion in this opinion. *See State v. Ibarra,* 1993-NMCA-040, ¶ 11, 116 N.M. 486, 864 P.2d 302 ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."). For the reasons discussed in the notice of proposed disposition and this opinion, we affirm.

**{5}** **IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Judge**

_____

**STEPHEN G. FRENCH, Judge**